**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF VIRGINIA**
**ROANOKE DIVISION**

| | | |
|---|---|---|
| **IRVIN EUGENE GRADY, JR.,** | ) | **CASE NO. 7:19CV00229** |
| | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **MEMORANDUM OPINION** |
| | ) | |
| | ) | |
| **JACK LEE, ET AL.,** | ) | **By:  Hon. Glen E. Conrad** |
| | ) | **Senior United States District Judge** |
| **Defendants.** | ) | |

Irvin Eugene Grady, Jr., a Virginia inmate proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983, against the Middle River Regional Jail ("jail") and three of its high-ranking officers, claiming various violations of his constitutional rights.  He has also filed a pleading that the court will construe as a motion to amend, ECF No. 6.  After review of the record, the court concludes that this civil action as amended is appropriately dismissed without prejudice for failure to state a claim.

The allegations in Grady's submissions describe the following sequence of events.  On December 7, 2018, while he was lying on his bottom bunk, the top bunk broke and fell, hitting Grady on the head.  Officers transported him to Augusta Medical Center for treatment.  The doctor there said that Grady was "experiencing a pinched never [sic]" in his neck and prescribed medications for him.  Mot. Am. 1, ECF No. 6.

After Grady returned to the jail, he was in pain and asked to see a nurse.  A sergeant sprayed him with pepper spray.

On January 5, 2019, a nurse refused to give Grady his medications because he had not been taking them.  Grady saw the doctor again on January 7, 2019, who told him that he "should be getting Pretzone [sic] and motrin twice daily."  Compl. 2, ECF No. 1.  The next day, a nurse

told Grady that "it would take 2-3 days before [his] meds came in." Mot. Am. 2, ECF No. 6. On January 9, at evening pill pass, Grady received motrin, but not the second medication. In early February of 2019, Grady was transferred to a state prison facility.

The court is required to dismiss any action or claim filed by a prisoner against a governmental entity or officer if the court determines that the action or claim is frivolous, malicious, or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915A(b)(1). Section 1983 permits an aggrieved party to file a civil action against a person for actions taken under color of state law that violated his constitutional rights. Cooper v. Sheehan, 735 F.3d 153, 158 (4th Cir. 2013). A complaint must be dismissed if it does not allege "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).

Grady names the jail itself as a defendant. A jail building, however, cannot qualify as a person subject to being sued under § 1983. See, e.g., McCoy v. Chesapeake Corr. Ctr., 788 F. Supp. 890, 893-94 (E.D. Va. 1992). Therefore, the court must dismiss Grady's claims against the jail.

The three other individuals named as defendants in the heading of Grady's complaint are Jack Lee, Capt. Bostie, and Major Nichelson. Grady does not describe any action any one of these defendants took, personally, that violated Grady's rights or harmed him in any way. He apparently seeks to hold them vicariously liable for the actions of their subordinates at the jail, such as the officer who sprayed the mace and the nurses who refused Grady his medications. Vicarious liability for supervisory officials, also known as respondeat superior, does not apply in § 1983 cases, however. See, e.g., Vinnedge v. Gibbs, 550 F.2d 926, 928 (4th Cir. 1977) (finding that under § 1983, "liability will only lie where it is affirmatively shown that the official charged

acted personally in the deprivation of the plaintiff['s] rights"). Accordingly, Grady's claims against Lee, Bostie, and Nichelson must be dismissed for failure to state a claim.[1]

For these reasons, the court concludes that Grady's submissions do not state any claim upon which relief could be granted against the defendants he has sued. Therefore, the court will summarily dismiss the action without prejudice under § 1915A(b)(1). An appropriate order will enter this day. Such a dismissal leaves Grady free to refile his claims in a new and separate civil action if he can correct the deficiencies described in this opinion.

The Clerk is directed to send copies of this memorandum opinion and accompanying order to plaintiff.

ENTER: This 30th day of May, 2019.

＿＿/s/  Glen E. Conrad＿＿＿＿＿＿＿＿＿
Senior United States District Judge

---

[1] Grady's complaint as amended also fails to provide other, necessary facts about his claims. If he chooses to file a new § 1983 action, the types of information the complaint should provide include, but are not limited to, a chronological account of what happened (from the day the bed fell through the period when medications were allegedly not provided), the circumstances surrounding the use of pepper spray on Grady, when and who Grady asked about his medications and what responses he received, and what harm Grady experienced as a result of the alleged violations of his constitutional rights.